UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:22-CV-00300-FDW-DSC

| | |
|---|---|
| VF CORPORATION *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| CHARLES GRAY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on the following motions: (1) Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order, (Doc. No. 6); (2) Plaintiffs' Emergency Motion for Standstill Order to Protect the Court's Jurisdiction and Maintain Status Quo, (Doc. No. 10); and (3) Defendant's Motion to Dismiss or Alternatively Transfer Venue, (Doc. No. 19). The motions have been fully briefed and are ripe for review. For the reasons set forth below, the Court DENIES IN PART Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order to the extent it seeks a temporary restraining order and otherwise DEFERS IN PART on ruling on the motion, DENIES Plaintiffs' Emergency Motion for Standstill Order, and DENIES Defendant's Motion to Dismiss or Alternatively Transfer Venue.

I.   **BACKGROUND**

Plaintiff VF Corporation is a Delaware corporation with its principal place of business in the State of Colorado. (Doc. No. 1, p. 2). Plaintiffs VF Services, LLC and VF Outdoor, LLC are Delaware limited liability companies with only one member, VF Corporation. Id. Until 2020, VF Corporation's corporate headquarters and principal place of business was located in Greensboro, North Carolina. Id. Even after moving VF Corporation's headquarters, however, Plaintiffs assert

they maintain a robust business in North Carolina. Id. at 2-3.

Defendant Charles Gray is a California resident who has lived in California and has had substantial connections to California since 2004. (Doc. No. 26). Defendant asserts he has not been to North Carolina since mid-2019. Id. at 6. Defendant was hired by Plaintiffs in February 2013 and has held various roles with Plaintiffs since. Id. at 6. Defendant's most recent and highest-ranking role with Plaintiffs was as the Vice President, Supply Chain Operations for the North Face brand. (Doc. No. 1, p. 7).

On March 29, 2018, Defendant entered into a Protective Covenants Agreement ("**PCA**"). Id. at 10. Significant here, Section 18 of the PCA, entitled "Governing Law, Jurisdiction and Venue" (the "**Forum Clause**") provides:

> This Agreement has been entered into under and shall be governed by and interpreted in accordance with the laws of the State of North Carolina, notwithstanding and without regard to any conflict of laws provision or policy that would dictate the application of another jurisdiction's laws. The parties agree that the Courts of North Carolina (state or federal), shall be the sole and exclusive jurisdiction and venue for all challenges to this agreement by [Defendant] and are a permissible jurisdiction and venue for any actions by VF [Corporation] to enforce this Agreement. Both parties hereby irrevocably consent to the jurisdiction and venue of these courts, and both parties hereby waive any objections to the defenses to jurisdiction or venue in any such proceeding before such court.

(Doc. No. 1-1, p. 12).

On June 13, 2022, Defendant tendered his resignation to Plaintiffs to be effective July 8, 2022, because he accepted an offer to serve as Chief Supply Chain Officer for Arc'teryx. (Doc. No. 1, pp. 13-14). Plaintiffs assert Arc'teryx is a direct competitor of VF Outdoor and that Defendant's new role with Arc'teryx is the same or a substantially similar role to the position he held with VF Outdoor. Id. at 14. Consequently, Plaintiffs brought this breach of contract suit.

## II. MOTION TO DISMISS

The crux of Defendant's Motion to Dismiss is that the Forum Clause is invalid and

unenforceable under California Law.  Based largely on this mistaken assertion, Defendant asserts: (1) this case should be dismissed or, in the alternative, transferred, because California is the proper forum; (2) Plaintiffs' Complaint should be dismissed for lack of personal jurisdiction; and (3) Plaintiffs' Complaint should be dismissed because the Complaint, as pled, fails to state a plausible breach of contract claim.  (See Doc. No. 19).  Accordingly, the Court must first address the validity of the Forum Clause.

In the Fourth Circuit, it is well settled that the enforcement of forum selection and choice of law provisions is favored.  Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 649-50 (4th Cir. 2010) (quoting The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)).  Courts have consistently held that "parties to a contract may agree in advance to submit to the jurisdiction of a given court."  Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 704 (1982); see also Worley Claims Servs., LLC v. Jefferies, 429 F. Supp. 3d 146, 155 (W.D.N.C. 2019) ("where parties to a contract have agreed that a given jurisdiction's substantive law shall govern the interpretation of the contract, such a contractual provision will be given effect.  This rule has been applied in the context of covenants not to compete.").  Accordingly, such clauses "should control absent a strong showing that [they] should be set aside."  See Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 649-50 (4th Cir. 2010) (quoting The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)); see also Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 713 F. Supp. 2d 527, 535 (W.D.N.C. 2010) (In the Fourth Circuit, "choice-of-law provisions are presumed valid.").  However, a forum selection clause or choice of law provision may be found unreasonable and unenforceable if:

> (1) [its] formation was induced by fraud or over-reaching; (2) the complaining party 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) [its] enforcement

would contravene a strong public policy of the forum state.

Albemarle, 628 F.3d 649-50 (quoting Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996)); see also IHFC Properties, LLC v. APA Mktg., Inc., 850 F. Supp. 2d 604, 619 (M.D.N.C. 2012). "The party opposing the forum selection clause [or choice of law provision] bears the burden of showing it is unreasonable." Smith v. Aegon USA, LLC, 770 F. Supp. 2d 809, 811 (W.D. Va. 2011).

Here, the Forum Clause provides:

> This Agreement has been entered into under and shall be governed by and interpreted in accordance with the laws of the State of North Carolina, notwithstanding and without regard to any conflict of laws provision or policy that would dictate the application of another jurisdiction's laws. The parties agree that the Courts of North Carolina (state or federal), shall be the sole and exclusive jurisdiction and venue for all challenges to this agreement by [Defendant] and are a permissible jurisdiction and venue for any actions by VF to enforce this Agreement. Both parties hereby irrevocably consent to the jurisdiction and venue of these courts, and both parties hereby waive any objections to the defenses to jurisdiction or venue in any such proceeding before such court.

(Doc. No. 1-1, p. 12). Although Defendant does not assert the Forum Clause is unreasonable based on the Albemarle factors, he does argue, without citation to any binding authority, that California law should govern this matter and that, under California law, restricting his employment would be contrary to a fundamental policy of California. (Doc. No. 26, p. 11). The Court finds this argument unpersuasive and unsupported by applicable law. Accordingly, Defendant has failed to satisfy his burden of showing the Forum Clause is unreasonable, and the Court finds the Forum Clause valid and enforceable. As such, North Carolina law governs this matter, venue is proper in the Western District of North Carolina, and the Court may properly assert jurisdiction over Defendant.[1] Defendant's Motion to Dismiss or Alternatively Transfer

---

[1] In any event, the Court finds, at this early stage, Plaintiffs have satisfied their burden of demonstrating both that venue is appropriate and that the Court may properly assert personal jurisdiction over Defendant. Pursuant to 28 U.S.C. § 1391(a)(2), venue is appropriate in "a judicial district . . . in which a substantial part of the events or omissions

Venue is, consequently, denied. For the same reasons, the Court finds transfer under the doctrine of *forum non conveniens* is inappropriate. See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 64 (2013) ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum.")

The Court now turns to Defendant's assertion that Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Defendant, relying solely on his assertion that the Forum Clause is void under California law, argues Plaintiffs have failed to plead a plausible claim for breach of contract. Plaintiffs argue, and the Court agrees, that Defendant's failure to state a claim argument is merely a restatement of his previous arguments. Because the Court finds North Carolina law applies, neither California Labor Code § 925 nor California Business and Professional Code § 16600 are applicable here. Accordingly, the Court finds Plaintiffs have sufficiently stated a claim for breach of contract, and Defendant's motion is DENIED.

### III. TEMPORARY RESTRAINING ORDER

Finally, the Court moves to Plaintiffs' Motion for Preliminary Injunction and Temporary

---

giving rise to the claim occurred…." Here, it is undisputed that Plaintiffs' principal place of business and global distribution network were located in the State of North Carolina at the time Defendant executed the PCA. Even after Plaintiffs moved their headquarters to Denver, Colorado in 2020, Plaintiffs assert Defendant "worked on a frequent and ongoing basis with [Plaintiffs'] Logistics Department located in North Carolina … including substantial interactions with Plaintiffs' Vice President of Global Logistics and Vice President of Global Indirect Procurement, both of whom are based in North Carolina." (Doc. No. 28, pp. 7-8). Moreover, in addition to the Forum Clause, Defendant's voluntary participation in the 1996 Stock Compensation Plan is also governed by North Carolina law. (See Doc. No. 24-1, pp. 6-22). Accordingly, a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred in the State of North Carolina. These same facts also support a finding that Defendant purposefully availed himself of the privilege of conducting activities in North Carolina, Plaintiffs' claims arise out of those activities directed at North Carolina, and the exercise of personal jurisdiction would be constitutionally reasonable. See CP #1109, LLC v. Cont'l Motors, Inc., No. 19-2021, 2021 WL 4316029, at *2 (4th Cir. Sept. 23, 2021) (citing UMG Recordings, Inc. v. Kurbanov, 963 F.3d 344, 351 (4th Cir. 2020), cert. denied, --- U.S. ---, 141 S. Ct. 1057 (2021)).

Restraining Order, (Doc. No. 6). As a preliminary matter, the Court notes it has scheduled a consolidated hearing on the preliminary injunction with a trial on the merits of the issues in equity in this matter pursuant to Rule 65(a)(2). (See Doc. No. 25). Therefore, the Court DEFERS on ruling on the motion to the extent it seeks a preliminary injunction.

"Like a preliminary injunction, a temporary restraining order is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" Shows v. Curtis, No. 1:20-cv-88-MOC-WCM, 2020 WL 1953621, at *1 (W.D.N.C. Apr. 23, 2020) (quoting Winter v. Nat. Res. Def. Council, 555 U.S. 7, 22 (2008)). Therefore, a party seeking a temporary restraining order must establish: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) the injunction is in the public interest. See Winter, 555 U.S. at 20.

During the telephonic conference held by the Court's Judicial Law Clerk on July 21, 2022, defense counsel assured the Court and Plaintiffs that Defendant pushed his start date back to August 3, 2022, and intended to work with the Court regarding his start date to ensure this matter is resolved expeditiously. (See Doc. No. 25, p. 3). Moreover, on July 27, 2022, Plaintiffs notified the Court that Defendant's subsequently filed application for a temporary restraining order in the Federal District Court for the Central District of California was denied. (See Doc. No. 32-1). Based on the foregoing, it is clear to the Court that Plaintiffs are not likely to suffer irreparable harm in the absence of a temporary restraining order at this time. Plaintiffs have therefore failed to satisfy their burden of establishing they are entitled to a temporary restraining order, and the Court DENIES their motion to the extent it seeks such relief. The Court, however, hereby ORDERS Defendant to notify the Court immediately in the event Defendant intends to begin work at Arc'teryx prior to the bench trial in this matter scheduled to begin on August 3, 2022.

For the same reasons discussed above, the Court DENIES Plaintiffs' Emergency Motion for Standstill Order, (Doc. No. 10).

## IV. CONCLUSION

IT IS THEREFORE ORDERED that:

(1) Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order, (Doc. No. 6), is DENIED IN PART to the extent it seeks a temporary restraining order, and the Court otherwise DEFERS on ruling on the motion;

(2) Plaintiffs' Emergency Motion for Standstill Order to Protect the Court's Jurisdiction and Maintain Status Quo, (Doc. No. 10), is DENIED; and

(3) Defendant's Motion to Dismiss or Alternatively Transfer Venue, (Doc No. 19), is DENIED.

IT IS FURTHER ORDERED that Defendant shall notify the Court immediately in the event he intends to begin work at Arc'teryx prior to the bench trial in this matter scheduled to begin on August 3, 2022.

IT IS SO ORDERED.

Signed: July 29, 2022

_____
Frank D. Whitney
United States District Judge